THIS CO___ __TES NOTICE OF ENTRY
AS REQ____ BY FRCP. RULE 77(d).

FILED
CLERK, U.S. DISTRICT COURT
AUG - 2 2002
8-2-02

ENTER ON ICMS
AUG - 5 2002

Priority ✓
Send ✓ ✓
Enter
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUSCAPE INTERNATIONAL, et al., <br>     Plaintiffs, <br><br> v. <br><br> NATIONAL GEOGRAPHIC SOCIETY, et al. <br>     Defendants. | CV 02-00968 RSWL <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

✓ Docketed
__ Copies / NTC Sent
__ JS - 5 / JS-6
__ JS - 2 / JS - 3
__ CLSD   cc So. NY w/ Hrg transfer docket

Presently before the Court is Defendants National Geographic Society; NGV, Inc. d/b/a National Geographic Ventures; National Geographic Holdings, Inc; Image Collection and Image Sales; Mindscape, Inc.; Eastman Kodak Company; ProQuest Company and ProQuest Information and Learning Company's ("Defendants")[1] Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). The Motion was scheduled

---

[1] The Court has been notified that only Defendant LeadingSide Inc. does not join in the instant Motion since it filed a petition pursuant to Chapter 11 of the Bankruptcy Code on April 5, 2001.

1

to be heard on July 15, 2002, but was taken off calendar pursuant to Rule 78 of the Federal Rules of Civil Procedure for disposition based on the papers filed.

## I.  BACKGROUND

Plaintiffs commenced this action by filing a Complaint in the Central District of California on January 31, 2002. Plaintiffs filed a First Amended Complaint on April 30, 2002. Plaintiffs then filed a Corrected First Amended Complaint on May 21, 2002 ("Corrected FAC"). The Corrected FAC asserts 14 separate causes of action based upon federal law and various state law claims, and seeks an injunction, damages, disgorgement of unjust gains, and imposition of an involuntary trust.

In essence, the 25 named Plaintiffs[2] claim that Defendants have jointly embarked on a scheme to wholesale misappropriate over 184,0000 photographs and over 9500 articles, all allegedly copyrighted and copyrightable product of the creative efforts of the Plaintiffs, which were first published in the issues of National Geographic between 1888 and the present day without the authority of Plaintiffs. Specifically, Plaintiffs allege the following claims: (1) False Designation of Origin and False Advertising in violation of 15 U.S.C. § 1125(a)(1)(A); (2)

---

[2] Plaintiffs have filed with this Court a motion for an order certifying this action for class action. The motion is scheduled to be heard on August 26, 2002.

Unfair Trade Practices in violation of Cal. Bus. & Prof. Code § 17200; (3) Common Law Unfair Competition; (4) Commercial Misappropriation in violation of Common Law Right of Privacy; (5) Violation of Rights of Publicity in violation of Cal. Civ. Code §§ 3344, 3344-1; (6) Breaches of Contracts; (7) Unjust Enrichment; (8) Involuntary Trust; (9) Direct Copyright Infringement in violation of 17 U.S.C. § 501; (10) Inducement to Infringe Copyrights; (11) Contributory Copyright Infringement; (12) Breach of Fiduciary Duties; (13) Declaration of Ownership of Copyright; and (14) Conversion.

## II.  DISCUSSION

### A. Legal Standard: Transfer of Venue Pursuant to 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), a court may transfer a case to another district or division "for the convenience of parties and witnesses, in the interest of justice" when it might have been brought there originally. 28 U.S.C. § 1404(a). Transfer of venue under § 1404(a) is discretionary. A.J. Indus. v. United States Dist. Court, 503 F.2d 384, 389 (9th Cir. 1974); see also Arley v. Union Pac. Ins. Co., 379 F.2d 183, 189 (9th Cir. 1967)("The decision to transfer under Section 1404(a) is within the discretion of the court.").

Thus, there is a two part test for determining a motion to transfer. First, the action sought to be transferred

must be one that might have been brought in the transferee court. This means that "the transferee court would have had subject matter jurisdiction at the time the action was filed; defendants would have been subject to personal jurisdiction; and venue would have been proper." E. & J. Gallo Winery v. F. & P., 899 F. Supp. 465, 466 (E.D. Cal. 1994).

Second, the court must exercise its discretion to determine whether the convenience of the parties and the interests of justice favor the transfer. 28 U.S.C. § 1404(a). In particular, a court considers the following factors: (1) convenience of witnesses; (2) judicial economy; (3) relative ease of access to proof; and (4) availability of compulsory process. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Guthry-Rneker Fitness, LLC v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal. 1998); E. & J. Gallo Winery, 899 F. Supp. at 466.

The burden is on the moving party to demonstrate that the balance of conveniences favors the transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1986). A transfer of venue is not appropriate unless the convenience and justice factors enumerated strongly favor venue elsewhere. Pac. Car & Foundry v. Pence, 403 F.2d 949, 953 (9th Cir. 1968); E. & J. Gallo Winery, 899 F. Supp. at 466.

## B. Defendants' Motion to Transfer Venue

In the instant Motion, Defendants request that this action be transferred from this Court to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

This Court finds that for the convenience of the parties and the witnesses, and in the interests of justice, this action should be transferred to the Southern District of New York.

First, this Court finds that the Southern District of New York is a court where this action might have been brought. The Southern District of New York would have federal question jurisdiction under 28 U.S.C. § 1331 over the federal claims and supplemental jurisdiction under 28 U.S.C. § 1367 over the state claims. Furthermore, the Defendants would be subject to personal jurisdiction in the Southern District of New York, as evidenced by the pending actions in the Southern District of New York including these same Defendants.[3] Moreover, venue would lie in the Southern District of New York pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b)(3).

Second, after consideration of the relevant Section 1404(a) factors, this Court finds that the factors weigh

---

[3] The pending actions include: Faulkner, et al. v. National Geographic Society, et al., 97 CIV 9361; Hiser, et al. v. National Geographic Society, et al., 99 CIV 12488; Ward v. National Geographic Society, et al., 99 CIV 12385.

strongly in favor of transferring venue to the Southern District of New York. Defendants have met their burden of showing that California lacks a substantial connection with the parties and with the subject matter of this litigation. Only three of the named Plaintiffs reside in California, while seven reside in New York. Furthermore, none of the Defendants were incorporated in the state of California, and only Defendant Mindscape has its principal place of business in California. In addition, the scanning, manufacture, and distribution of Defendants' product occurred only in part in California. Defendants product was then distributed throughout the country and worldwide, and there is no evidence that the distribution in California outweighed the distribution in New York or any other state. For these reasons, Plaintiffs' selection of forum is not entitled to great weight. See Pac. Car & Foundry, 403 F.2d at 954. In addition, because this is an action with numerous Plaintiffs who are widely distributed throughout the United States and the world, Plaintiffs' choice of forum is accorded less weight. See Fodor v. Berglas, No. 94-CV-4761, 1994 WL 822477, *6 (C.D. Cal. Dec. 27, 1994).

Furthermore, the Court finds that the convenience of the parties and the witnesses, and the interests of justice, favor transfer of this action to the Southern District of New York. The named Plaintiffs are largely located closer to the Southern District of New York than to this district.

1 The potential witnesses cited by Defendants are also all
2 located far more closely to New York than to California.  In
3 addition, Defendant has shown that the majority of the
4 documentary evidence relevant to this case has already been
5 produced, or will be produced, in New York in the pending
6 actions similar in nature to the instant action.  Finally,
7 in light of the similar actions pending in the Southern
8 District of New York, the Court finds that judicial economy
9 will be best served by transferring this matter to that
10 district.

### III.  CONCLUSION

12 The Court therefore finds that the convenience of the
13 parties and witnesses, and the interests of justice, favor a
14 transfer of this action to the Southern District of New
15 York.  Defendants' Motion to Transfer Venue Pursuant to 28
16 U.S.C. § 1404(a) is hereby **GRANTED**.

17 Because this Court finds it appropriate to transfer
18 this case, the motion for class certification scheduled to
19 be heard in this Court on August 26, 2002 is also
20 transferred.  Defendants should refile their motion papers
21 in the Southern District of New York.

22 **IT IS SO ORDERED.**

*RONALD S.W. LEW*

DATED: August 1, 2002
(orders\Auscape.venue.wpd\U)

**RONALD S.W. LEW**
United States District Judge